UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK R. SHEVCHIK,

      **Plaintiff,**

v.                                 **Case No:**

**RUSHMORE LOAN MANAGEMENT
SERVICES, LLC, and MTGLQ
INVESTORS, LP,**             **DEMAND FOR JURY TRIAL**

      **Defendants.**

_____/

## PLAINTIFF'S COMPLAINT
## WITH INJUNCTIVE RELIEF SOUGHT

      **COMES NOW**, Plaintiff, **MARK SHEVCHIK** ("Mr. Shevchik" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendants, **RUSHMORE LOAN MANAGEMENT SERVICES, LLC** ("Debt Collector") and **MTGLQ INVESTORS, LP** ("Debt Owner") (collectively "Defendants"), and in support thereof states as follows:

### *Introduction*

1. This action arises out of a "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), in attempting to collect such Debt by directly communicating with Mr. Shevchik in connection with the collection of the

*Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought*
*Shevchik v. Rushmore Loan Management Services, LLC and MTGLQ Investors, LP*
Page 1 of 13

Debt when Defendants know that the Debt is uncollectible because it was previously waived pursuant to a court order and when Defendants know that Mr. Shevchik is represented by counsel with respect to the Debt.

### *Jurisdiction and Venue*

2. This Court has subject matter jurisdiction over the instant case under 28 U.S.C. §1331.

3. Jurisdiction of this Court also arises under 15 U.S.C. § 1692k (d) and Fla. Stat. § 559.77 (1).

4. Venue lies in this District pursuant to 28 U.S.C. § 1391 (b), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### *Parties*

5. Plaintiff, Mr. Shevchik, was and is a natural person and, at all times material hereto, is an adult, a resident of Pinellas County, Florida, a "consumer" as defined by 15 U.S.C. § 1692a (3), and "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

6. At all times material hereto, Debt Collector was and is a foreign limited liability company with its principle place of business in the State of California and its registered agent, CORPORATION SERVICE COMPANY, located at 1201 Hays Street, Tallahassee, FL 32301.

7. Further, at all times material hereto, Defendant is a "Consumer Collection Agency" as defined by Fla. Stat. § 559.55 (3) and/or a "Debt Collector" as defined by Fla. Stat. § 559.55 (7) & 15 U.S.C § 1692a (6).

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Shevchik v. Rushmore Loan Management Services, LLC and MTGLQ Investors, LP*
Page 2 of 13

8. At all times material hereto, Debt Owner was and is a foreign limited partnership with its principal place of business in the State of New York and its registered agent, C T CORPORATION SYSTEM, located at 1200 South Pine Island Road, Plantation, FL 33324.

9. At all times material hereto, Debt Collector was performing debt collection owed to Debt Owner to satisfy Mr. Shevchik's alleged debt.

10. At all times material hereto, Debt Collector was acting within the scope of an employee, representative, or agent on behalf of Debt Owner for purposes of collecting Mr. Shevchik's alleged debt for Debt Owner.

11. As such, Debt Owner is responsible for the conduct of Debt Collector as its employee, representative, or agent.

12. Under information and belief, Debt Owner granted Debt Collector access to information and systems that normally would be within Debt Owner's exclusive control, including, but not limited to Mr. Shevchik's information.

13. Under information and belief, Debt Owner allowed Debt Collector to enter Mr. Shevchik's information into Debt Owner's sales or customer systems.

14. Under information and belief, Debt Owner gave Debt Collector authority to use the principal's trade name, trademark, or service mark.

15. Under information and belief, Debt Owner approved, wrote, or reviewed a form letter for Debt Collector to use when contacting Mr. Shevchik.

16. Under information and belief, Debt Owner had actual knowledge of Debt Collector's FDCPA and FCCPA violations when communicating with Mr. Shevchik in

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Shevchik v. Rushmore Loan Management Services, LLC and MTGLQ Investors, LP*
Page 3 of 13

connection with the collection of the alleged debt and Debt Owner failed to stop such violations by Debt Collector.

17. Under information and belief, via a contractual relationship between the parties, Debt Owner had control or the ability to control Debt Collector's actions in attempting to collect Mr. Shevchik's debt on behalf of Debt Owner.

### *Statements of Fact*

18. On or around April 16, 2007, Mr. Shevchik executed and delivered a promissory note ("Note") and mortgage ("Mortgage") that was secured by real property located at 915 Seminole Street, Clearwater, FL 33755 ("Property").

19. Sometime thereafter, Mr. Shevchik fell behind on his monthly installment payments towards the Mortgage.

20. On or around August 21, 2014, the servicer on the Mortgage at the time, Green Tree Servicing, LLC, filed a Verified Complaint to Foreclose Mortgage. *See* Pinellas County Case No. 14-006306-CI ("Foreclosure Case"). *See* **Exhibit "A."**

21. On or around December 9, 2016, the court entered an order granting Green Tree Servicing, LLC's Motion to Substitute Real Party in Interest, which thereafter designated Debt Owner as the Foreclosure Case plaintiff.

22. On or around March 21, 2017, the parties filed a Stipulation as to Consent to Final Judgment in the Foreclosure Case. *See* **Exhibit "B."**

23. The Stipulation as to Consent to Final Judgment states, in relevant part:

> "4. The Plaintiff agrees to waive deficiency as to Defendants, MARK R. SHEVCHIK AND TAMARA SHEVCHIK."

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Shevchik v. Rushmore Loan Management Services, LLC and MTGLQ Investors, LP*
Page 4 of 13

*See* **Exhibit "B," p. 2.**

24. The Stipulation as to Consent to Final Judgment was signed by all parties to the Foreclosure Case and was sent to Mr. Shevchik's attorney that represented Mr. Shevchik with respect to the Debt in the Foreclosure Case. *See* **Exhibit "B," p. 4.**

25. On or around April 24, 2017, the court entered its Final Judgment of Foreclosure. *See* **Exhibit "C."**

26. The Final Judgment of Foreclosure states, in relevant part:

> "Plaintiff has agreed to waive the deficiency as to Defendants, Mark Shevchik and Tamara Shevchik in exchange for a consent judgment."

*See* **Exhibit "C," p. 12.**

27. The Final Judgment of Foreclosure foreclosed on Mr. Shevchik's interest in the Property.

28. The Final Judgment of Foreclosure terminated any rights that Debt Owner or any purported assignees or servicers of the Mortgage thereafter, including Debt Collector, had against Mr. Shevchik with respect to the Debt as a result of the deficiency ("Debt") waiver thereunder.

29. Debt Collector was thereafter assigned the Mortgage and became servicer of the loan on the Property.

30. Part and parcel of Debt Collector being servicer for the Mortgage includes the responsibility to attempt to collect the Debt.

31. At all times relevant hereto. Debt Owner and Debt Collector had actual knowledge that the Final Judgment of Foreclosure foreclosed Mr. Shevchik's interest in the

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Shevchik v. Rushmore Loan Management Services, LLC and MTGLQ Investors, LP*
Page 5 of 13

Property and terminated any rights that Debt Owner and Debt Collector had against Mr. Shevchik with respect to the Debt as a result of the Debt waiver thereunder.

32. Debt Collector had actual knowledge of the fact that the Debt had been waived pursuant to the Final Judgment of Foreclosure because Debt Collector, as servicer, had access to all records of Debt Owner concerning the Account - including, but not limited to, records of the Foreclosure Case and all papers that were transferred to Debt Owner at the time of acquisition of the Mortgage.

33. Under information and belief, Debt Collector had actual knowledge of the fact that the Debt had been waived pursuant to the Final Judgment of Foreclosure because Debt Owner advised Debt Collector of this circumstance upon Debt Collector becoming servicer.

34. As servicer for the Debt, Debt Collector is an agent of Debt Owner in regards to the Debt and had actual knowledge that the Debt was waived pursuant to the Final Judgment of Foreclosure.

35. Despite having actual knowledge that the Debt was waived pursuant to the Final Judgment of Foreclosure, Debt Collector sent a collection letter to Mr. Shevchik in attempts to collect the Debt on behalf of Debt Owner.

36. Specifically, Debt Collector sent Mr. Shevchik a collection letter dated August 11, 2017 ("Collection Letter"). *See* **Exhibit "D."**

37. The Collection Letter was individually addressed to Mr. Shevchik, listed the Property address, the Amount Due as $42,942.08, a Due Date of 09/01/2017, and a late fee of $38.15 if payment was received after 09/16/2017.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Shevchik v. Rushmore Loan Management Services, LLC and MTGLQ Investors, LP*
Page 6 of 13

38. Debt Collector sent the Collection Letter in connection with the collection of the Debt.

### *Count 1: Violation of the Fair Debt Collection Practices Act ("FDCPA") (as against Debt Collector)*

39. Mr. Shevchik re-alleges paragraphs 1-38 and incorporates the same herein by reference.

40. Mr. Shevchik is a "consumer" within the meaning of the FDCPA.

41. The subject debt is a "consumer debt" within the meaning of the FDCPA.

42. Defendant is a "debt collector" within the meaning of the FDCPA.

43. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    a. Debt Collector violated 15 U.S.C. § 1692c(a) by sending Mr. Shevchik the Collection Letter after Debt Collector knew that Mr. Shevchik was represented by an attorney with respect to the Debt and had knowledge of Mr. Shevchik's attorney's name and address.

    b. Debt Collector violated 15 U.S.C. § 1692e(2)(A) by falsely representing the legal status of the Debt as owed by Mr. Shevchik and that the Debt was collectible in its Collection Letter when Debt Collector knew the Debt had been waived pursuant to the Final Judgment of Foreclosure.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Shevchik v. Rushmore Loan Management Services, LLC and MTGLQ Investors, LP*
Page 7 of 13

    c. Debt Collector violated 15 U.S.C. § 1692e (10) by misrepresenting that the Debt was owed by Mr. Shevchik and that the Debt was collectible in its Collection Letter in an attempt to collect the Debt, which deceived Mr. Shevchik into believing that he owed the Debt despite its waiver pursuant to the Final Judgment of Foreclosure.

44. As a result of the above violations of the FDCPA, Mr. Shevchik has been subjected to illegal collection activities for which he has been damaged.

45. Debt Collector's actions have damaged Mr. Shevchik by violating his right to not be contacted directly regarding the Debt when Defendant had actual knowledge that Mr. Shevchik is represented by counsel with respect to the Debt.

46. Defendant's actions have damaged Mr. Shevchik by invading his privacy.

47. Defendant's actions have damaged Mr. Shevchik by causing him embarrassment.

48. Defendant's actions have damaged Mr. Shevchik by causing him stress.

49. Defendant's actions have damaged Mr. Shevchik by causing him aggravation.

50. Defendant's actions have damaged Mr. Shevchik by harming his reputation.

51. Defendant's actions have damaged Mr. Shevchik by causing him to lose sleep.

52. It has been necessary for Mr. Shevchik to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

53. All conditions precedent to this action have occurred.

    **WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Shevchik v. Rushmore Loan Management Services, LLC and MTGLQ Investors, LP*
Page 8 of 13

a.  Awarding statutory damages as provided by 15 U.S.C. 1692k(a)(2)(A);

b.  Awarding actual damages;

c.  Awarding costs and attorneys' fees; and

Any other and further relief as this Court deems equitable.

### Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA") (as against Debt Collector)

54. Mr. Shevchik re-alleges paragraphs 1-38 and incorporates the same herein by reference.

55. Debt Collector violated the FCCPA. Debt Collector's violations include, but are not limited to, the following:

a.  Debt Collector violated Fla. Stat. § 559.72(9) by claiming and attempting to enforce the Debt by sending the Collection Letter when Debt Collector knew that the Debt was uncollectible from Mr. Shevchik because it had been waived pursuant to the Final Judgment of Foreclosure.

b.  Debt Collector violated Fla. Stat. § 559.72(18) by communicating with Mr. Shevchik by sending the Collection Letter when Debt Collector knew that Mr. Shevchik was represented by an attorney with respect to the Debt and had knowledge of Mr. Shevchik's attorney's name and address.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Shevchik v. Rushmore Loan Management Services, LLC and MTGLQ Investors, LP*
Page 9 of 13

56. As a result of the above violations of the FCCPA, Mr. Shevchik has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

57. Debt Collector's actions have damaged Mr. Shevchik by violating his right to not be contacted directly regarding the Debt when Defendant had actual knowledge that Mr. Shevchik is represented by counsel with respect to the Debt.

58. Defendant's actions have damaged Mr. Shevchik by invading his privacy.

59. Defendant's actions have damaged Mr. Shevchik by causing him embarrassment.

60. Defendant's actions have damaged Mr. Shevchik by causing him stress.

61. Defendant's actions have damaged Mr. Shevchik by causing him aggravation.

62. Defendant's actions have damaged Mr. Shevchik by harming his reputation.

63. Defendant's actions have damaged Mr. Shevchik by causing him to lose sleep.

64. It has been necessary for Mr. Shevchik to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

65. All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

    a.  Awarding statutory damages as provided by §559.77, Fla. Stat.;

    b.  Awarding actual damages;

    c.  Awarding punitive damages;

    d.  Awarding costs and attorneys' fees;

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Shevchik v. Rushmore Loan Management Services, LLC and MTGLQ Investors, LP*
Page 10 of 13

e. Ordering an injunction preventing further wrongful contact by the Defendant; and

f. Any other and further relief as this Court deems equitable.

### _Count 3: Violation of the Florida Consumer Collection Practices Act ("FCCPA") (as against Debt Owner)_

66. Plaintiff re-alleges paragraphs 1-38 and incorporates the same herein by reference.

67. At all times relevant hereto, Debt Owner was vicariously liable for the actions of Debt Collector.

68. Debt Collector violated the FCCPA.  Debt Collector's violations include, but are not limited to, the following:

a. Debt Collector violated Fla. Stat. § 559.72(9) by claiming and attempting to enforce the Debt by sending the Collection Letter when Debt Collector knew that the Debt was uncollectible from Mr. Shevchik because it had been waived pursuant to the Final Judgment of Foreclosure.

b. Debt Collector violated Fla. Stat. § 559.72(18) by communicating with Mr. Shevchik by sending the Collection Letter when Debt Collector knew that Mr. Shevchik was represented by an attorney with respect to the Debt and had knowledge of Mr. Shevchik's attorney's name and address.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
_Shevchik v. Rushmore Loan Management Services, LLC and MTGLQ Investors, LP_
Page 11 of 13

69. As a result of the above violations of the FCCPA, Mr. Shevchik has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

70. Debt Collector's actions have damaged Mr. Shevchik by violating his right to not be contacted directly regarding the Debt when Defendant had actual knowledge that Mr. Shevchik is represented by counsel with respect to the Debt.

71. Defendant's actions have damaged Mr. Shevchik by invading his privacy.

72. Defendant's actions have damaged Mr. Shevchik by causing him embarrassment.

73. Defendant's actions have damaged Mr. Shevchik by causing him stress.

74. Defendant's actions have damaged Mr. Shevchik by causing him aggravation.

75. Defendant's actions have damaged Mr. Shevchik by harming his reputation.

76. Defendant's actions have damaged Mr. Shevchik by causing him to lose sleep.

77. It has been necessary for Mr. Shevchik to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

78. All conditions precedent to this action have occurred.

    **WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Owner as follows:

    a. Awarding statutory damages as provided by §559.77, Fla. Stat.;

    b. Awarding actual damages;

    c. Awarding punitive damages;

    d. Awarding costs and attorneys' fees;

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Shevchik v. Rushmore Loan Management Services, LLC and MTGLQ Investors, LP*
Page 12 of 13

e. Ordering an injunction preventing further wrongful contact by the Defendant; and

f. Any other and further relief as this Court deems equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, Mark Shevchik, demands a trial by jury on all issues so triable.

Respectfully submitted this **December 26, 2017,**

/s/ Michael A. Ziegler
Michael A. Ziegler, Esq.
Florida Bar No. 74864
mike@zieglerlawoffice.com

/s/ Kaelyn Steinkraus
Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@zieglerlawoffice.com

Law Office of Michael A. Ziegler, P.L.
13575 58th Street North, Suite 129
Clearwater, FL 33760
(p) (727) 538-4188
(f) (727) 362-4778
Attorneys and Trial Counsel for Plaintiff

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Shevchik v. Rushmore Loan Management Services, LLC and MTGLQ Investors, LP*
Page **13** of **13**